# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL MALONE,<br>    Petitioner, | Case No. 1:16-cv-1160 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 5) and petitioner's response in opposition (Doc. 6). Petitioner has also filed a motion requesting a certificate of appealability. (Doc. 7).

For the reasons that follow, the motion to dismiss should be granted, the petition dismissed on the ground that it is time-barred, and the motion for a certificate of appealability denied.

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On August 23, 2013, the Hamilton County, Ohio, grand jury returned a two-count indictment charging petitioner with one count of burglary and one count of attempted burglary in case number B-1305059. (*See* Doc. 4, Ex. 1). Petitioner was subsequently charged in three additional indictments with one count of burglary and one count of attempted burglary in case number B-1305770; one count of receiving stolen property in case number B-1306075; and two

counts of burglary in case number B-1307001.  (*See* Doc. 4, Ex. 2–4).

Petitioner, through counsel, initially entered a plea of not guilty to each indictment, before withdrawing his original pleas and entering pleas of guilty to an agreed sentence on all four cases on June 17, 2014.  (Doc. 4, Ex. 5–8).  On June 20, 2014, petitioner received a total aggregate prison sentence of twelve years in the Ohio Department of Corrections.  (Doc. 4, Ex. 9-12)

## Motion to Re-Sentence

On July 1, 2015, over one year later, petitioner filed motions in case numbers B-1305059, B-1305770, and B-1307001.  (Doc. 4, Ex. 13).  Petitioner argued that the trial court committed plain error by failing to engage in judicial fact-finding before imposing consecutive sentences.  (*See id.*).  On July 20, 2015, the trial court overruled petitioner's motions.  (Doc. 4, Ex. 14–16).

## Delayed Appeal Motion

On September 16, 2015, petitioner filed a motion for leave to file a delayed appeal in the Ohio Court of Appeals from his conviction in case numbers B-1305059, B-1305770, and B-1307001.  (Doc. 4, Ex. 17-19).  On December 30, 2015, the Ohio appeals court dismissed the appeals due to petitioner's failure to file a transcript pursuant to Ohio App. R. 9(B).  (Doc. 4, Ex. 21).

Petitioner filed a motion for reconsideration on February 2, 2016, which was denied on February 23, 2016.  (Doc. 4, Ex. 22, 23).

## Second Delayed Appeal Motion

On April 8, 2016, petitioner filed a second motion for leave to file a delayed appeal.  (Doc. 4, Ex. 24).  The motion was overruled on May 3, 2016.  (Doc. 4, Ex. 26).

Petitioner filed a notice of appeal and a motion for leave to file a delayed appeal to the

Ohio Supreme Court on July 15, 2016. (Doc. 4, Ex. 27-28). On September 14, 2016, the Ohio Supreme Court denied the motion and dismissed the case. (Doc. 4, Ex. 29).

### Federal Habeas Corpus

On December 8, 2016, petitioner commenced the instant federal habeas corpus action. (*See* Doc. 1 at PageID 15).[1] Petitioner raises the following ground for relief in the petition:

> **Ground One**: The trial court committed plain error when sentencing Petitioner to consecutive sentences upon additional factors contrary to his rights as guaranteed by the Sixth and Fourteenth Amendment.
>
> **Supporting Facts:**
>
> 1. The State of Ohio proffered a "contract plea deal" that led Malone to believe he would not receive more than (8) years, regardless of the Crim.R. 11 and 32 inquiry.
>
> 2. The trial court's use of additional factors to depart from the recommended sentence is contrary to state/federal law for Apprendi, Blakely, and Booker, supra, purposes (citation omitted).
>
> 3. The trial court abused its statutory authority in sentencing Petitioner.

(Doc. 1 at PageID 5).

Respondent has filed a motion to dismiss the petition on the ground that the petition is time-barred and that petitioner's single ground for relief is not cognizable and procedurally defaulted. (Doc. 5). Petitioner opposes the motion. (Doc. 6).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

---

[1] The petition was filed with the Court on December 21, 2016. (*See* Doc. 1, Petition). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on December 8, 2016. (*See* Doc. 1 at PageID 15). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on December 8, 2016.

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(C) or (D) apply to petitioner's grounds for relief. Petitioner does argue his delay in filing was caused by state-created impediments under 2244(d)(1)(B). (*See* Doc. 1 at PageID 13). Specifically, petitioner argues that "the state of Ohio through its officers and agents created barriers that impeded his access to the court's through a series of predicate acts designed to stall-out, and detour the average inmate from pursuing their appeal rights." (*Id.* at PageID 14). According to petitioner, he was not provided a transcript at the state's expense, the state enforced a policy which prohibits the assistance of inmates skilled in law from assisting him, and intake prisoners are subject to restricted movement for thirty days. Petitioner also contends that "indigent mailing/complying/postage/procedure" is dependent on his state pay. (*Id.*).

In order to invoke the limitations provision set forth in § 2244(d)(1)(B), petitioner must establish that "(1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation of the Constitution or federal law." *Neff v. Brunsman,* No. 1:06-cv-135, 2007 WL 912122, at *7 (S.D. Ohio March 23, 2007) (Spiegel, J.; Black, M.J.) (quoting *Evans v. Lazaroff,* No. 2:06-cv-188, 2006 WL 3759697, at *5 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (citations omitted). Under this provision, there must be a causal connection between the allegedly unconstitutional state action and being prevented from filing the petition. *Id.* (citing *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001)).

In this case, petitioner's arguments are insufficient to warrant the application of § 2244(d)(1)(B). Petitioner has not explained how any of the alleged impediments prevented him from filing a timely federal habeas petition. First, even if the Court were to toll the limitation period during the thirty days in which petitioner claims he was subjected to restricted movement, his petition—which was filed more than two years after he was sentenced—is still untimely. Second, petitioner's pro se status, inability to consult with prison law clerks, or his claim that he was not provided with transcripts at the state's expense do not constitute state-created impediments to filing a timely habeas petition. *See Harvey v. Addison*, 390 F. App'x 840, 842 (10th Cir. 2010) (holding that meaningful legal assistance from prison law clerks was not a state-created impediment, noting that "[t]he Constitution does not guarantee prisoners 'an abstract, freestanding right to a law library or legal assistance,' but only a 'right of *access to the courts*'") (quoting *Lewis v. Casey,* 518 U.S. 343, 350–51 (1996)); *Waddleton v. Director*, No. 6:15-cv-1002, 2017 WL 2426654, at *3 (E.D. Texas June 2, 2017) ("problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to state-created

impediments setting off the commencement date of the limitations period"). Neither petitioner's allegations nor the procedural history in this case demonstrate that petitioner was denied access to the courts. Although petitioner's allegations may have interfered with his ability to pursue a delayed appeal in the state courts, petitioner fails to explain how the allegations prevented him from filing a federal habeas corpus petition.

Therefore, petitioner has not demonstrated that a state-created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's ground for habeas relief is based on alleged sentencing errors. Because petitioner was aware of the facts underlying his claims by the close of the direct review, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on July 21, 2014, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's June 20, 2014 sentencing.[2] *See* Ohio R. App. P. 4(A). The statute commenced running on July 22, 2014, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on July 22, 2015, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute

---

[2] The deadline date for filing a timely appeal was actually July 20, 2014. However, because that day fell on a Sunday, the undersigned has assumed in petitioner's favor that the 30-day appeal period was extended to include the next business day of Monday, July 21, 2014.

under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the limitations period ran 344 days before petitioner filed his July 1, 2015 motion to resentence, which was denied by the trial court on July 20, 2015. (*See* Doc. 4, Ex. 14-16). The limitations commenced running on July 21, 2015 and expired 21 days later on August 8, 2015. Petitioner filed his motion for leave to file a delayed appeal on September 16, 2015. (Doc. 4, Ex. 17). However, because petitioner's motion for a delayed appeal and subsequent post-conviction motions were all filed after the one-year statute of limitations had already expired statutory tolling does not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

7

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. To the extent that petitioner contends that he is entitled to equitable tolling based on his pro se status or inability to obtain transcripts, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)

(quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

In any event, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 871 days to file his habeas petition after his conviction and sentence became final and 488 days after the expiration of the statute of limitations. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").

9

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 5) should be **GRANTED** and the instant habeas corpus petition (Doc. 1), filed after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

As noted above, petitioner has also filed a motion for a certificate of appealability. (Doc. 7). For the reasons stated below, the motion should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3] Accordingly, petitioner's motion for a certificate of appealability should be **DENIED**. (Doc. 7) .

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R.

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

   *s/Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL MALONE,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-1160

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).